(17 App. Div. 432.)

PORTER v. ENGLISH et al.

(Supreme Court, Appellate Division, First Department.   May 7, 1897.)

BILLS AND NOTES—BONA FIDE HOLDER.
    The right of a holder for value to recover against the indorser is not affected by the fact that the note was made and indorsed pursuant to an agreement between such indorser and another that the indorser was to be treasurer of a corporation of which the holder of the note, the indorser, and the person with whom such agreement was made were trustees, and that afterwards the trustee refused to recognize the agreement, but the holder of the note was not a party to the agreement.

Appeal from special term, New York county.

Action by Atwood Porter against James H. English & Son, impleaded with Julius F. Toussaint and another. From an order granting a preliminary injunction, defendants English appeal. Reversed.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Elek J. Ludvigh, for appellants.
William V. Rowe, for respondent.

INGRAHAM, J. The order appealed from enjoins the defendants English from in any manner enforcing, or attempting to enforce, any liability of the plaintiff as indorser upon a promissory note referred to in the complaint, and now held by the said defendants English, and from selling or transferring, or attempting to sell or transfer, 20 shares of the capital stock of the Baldwin & Gleason Company, Limited, contributed by the plaintiff under and pursuant to the agreements referred to in the complaint, and deposited with the defendants English as collateral security for the payment of the said note. It is alleged that the firm of James H. English & Son had duly discounted this note, and held the stock as collateral security for its payment; that this plaintiff is an indorser upon the note; and that said indorsement was made under a contract between himself, his co-indorser, and the maker. It is not disputed that the note is a valid obli-

gation of both the maker and of this plaintiff; yet the court has enjoined the defendants English from enforcing this liability, because of an allegation that the maker of the note and the plaintiff and a co-indorser of the plaintiff had agreed, as between themselves, that this plaintiff was to be treasurer of a certain corporation, of which the parties were trustees, and that subsequently the trustees or directors of the corporation would not recognize this agreement, and they removed the plaintiff as such treasurer. It is not alleged in the complaint that either of the defendants English was a party to that agreement, was in any way bound by it, or that the corporation was itself a party to the agreement. There was no contract of the corporation to retain the plaintiff in its employ for any particular time, and, if the maker of the note and the plaintiff's co-indorser have violated any agreement that they had with the plaintiff, it would seem that the plaintiff's remedy would be an action against the persons who had violated this agreement, and not to prevent this firm, who had advanced in good faith its money upon the note indorsed by the plaintiff, from recovering on the note. There is absolutely nothing in the papers presented to justify the court in taking away from the holders of this note the right to enforce it because other people have failed to keep their contracts. It is very difficult to see upon what ground there could be any liability of the defendants English. They are not parties to the contract. The corporation of which one of them was a director was not a party to the contract, and neither they nor the corporation have violated any duty they owed to the plaintiff. It is true, the complaint alleges that these defendants English had knowledge of the agreement between these three parties who were officers of this corporation, and that notwithstanding that fact the defendants, in violation of the said agreements, on or about the 9th day of November, 1896, having at that time full control of the board of directors of the corporation, procured the removal, without cause, of the plaintiff, as treasurer and employé of said corporation. But if they did, and if they knew that by so doing these other two parties would become liable to the plaintiff for any damages he had sustained in consequence of what was a violation of an agreement between them, upon what principle can the defendants be punished? They violated no agreement, either of themselves or of the company of which they were trustees; and it is quite a novel application of equitable methods to punish them by preventing them from collecting their money from the plaintiff because other parties have voted at a meeting of trustees of a corporation to do an act which such other parties had agreed should not be done. In addition to this, all of the facts here alleged could be set up in answer as a defense in any action upon the promissory note, and the question should be there settled, rather than in an action in equity. There is no allegation that the defendants English are not amply able to respond for any damage that plaintiff has sustained in consequence of any violation of his rights.

The order appealed from was without justification, and must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.